## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.S., E.S., and M.S.**

**No. 12-1492** (Logan County 11-JA-16, 17, and 18)

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Allison Dingess, from the Circuit Court of Logan County, which terminated her parental rights by order entered on December 11, 2012. The guardians ad litem for the children, Robert B. Kuenzel and Erin R. Bias, have filed a response supporting the circuit court's order, along with a supplemental appendix. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, has also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Mother adopted the subject children in 2010 after the children's biological parents' parental rights were terminated. In March of 2011, the DHHR filed the petition of the instant case with allegations of physical abuse by Petitioner Mother. The circuit court initially granted Petitioner Mother visitation with the children, but ceased visitation in light of reports that the children were acting out after visits with petitioner and expressed fear of her. In August of 2011, Petitioner Mother pled guilty to domestic battery in magistrate court with regard to one of the children. In December of 2012, the circuit court entered its order terminating Petitioner Mother of her parental rights to the children, from which she now appeals.

Petitioner Mother argues that the circuit court's termination of her parental rights was in error for three reasons. First, she argues that the circuit court erred in denying her an improvement period at adjudication and at disposition. Petitioner Mother asserts that she demonstrated by clear and convincing evidence that she would substantially comply with an improvement period. Second, Petitioner Mother argues that the DHHR failed to make reasonable efforts to preserve the family. She asserts that the DHHR was never relieved of its duty to do so because the circuit court did not find aggravated circumstances in this case. Lastly, Petitioner Mother argues that she was prejudiced by the circuit court's numerous failures to comply with the statutory requirements and the procedures required by the Rules of Procedure for Child Abuse and Neglect Proceedings. For instance, Petitioner Mother asserts that the circuit court's timing between the adjudication order and the dispositional hearing was contrary to the time frames provided in Rule 32 of the Rules of Procedure for Child Abuse and Neglect Proceedings.

1

In response, the children's guardians ad litem and the DHHR argue that the circuit court committed no errors in terminating Petitioner Mother's parental rights to the subject children. Respondents argue that Petitioner Mother failed to meet her burden of proof in her motions for improvement periods. They further argue that the circuit court did not err in finding that termination of petitioner's parental rights was in the children's best interests. They highlight petitioner's abusive behavior that was observed and recorded by others.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights, including its denial of improvement periods or in its navigation of this case. We find no error with regard to the circuit court's denial of improvement periods. Pursuant to West Virginia Code § 49-6-12, the parent has the burden to prove by clear and convincing evidence that he or she would substantially comply with an improvement period. Subsequently, the circuit court has the discretion to grant or deny such an improvement period. Only excerpts of the transcripts for different hearings held in this case were provided on appeal. Nevertheless, our review of these excerpts reveals testimony that opined that no further services could be provided to petitioner that would serve the children's best interests. With regard to Petitioner Mother's argument that the DHHR was not relieved of its duty to make reasonable efforts to preserve the family, we find no merit to warrant reversal. The circuit court's July of 2011 order makes reference to the allegations in the petition as its basis for finding aggravated circumstances. Our review of the petition reflects the presence of chronic abuse as described in West Virginia Code § 49-6-5(7)(A). Our review provides that the circuit court was presented with sufficient evidence upon which it could have based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. With regard to any procedural delays that occurred in these proceedings, we find that none were to the degree that substantially frustrated the overall proceedings to warrant reversal. *See In re Edward B.*, 210 W.Va. 621, 634, 558 S.E.2d 620, 633 (2001).

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard ,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:**  May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II